UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TERRENCE STEPHENS,

        Plaintiff,

v.                                    Case No. 8:10-cv-2705-T-33EAJ

ORLESTER DICKENS, et al.,

        Defendants.

_____

## O R D E R

This cause is before the Court on Stephens' 42 U.S.C. § 1983 prisoner civil rights complaint filed pro se. Stephens complains of events that occurred at Avon Park Correctional Institution in 2005. Stephens did not file the present civil rights complaint until December 3, 2010, more than five years later. Because he complains of 2005 events, Stephens' claims accrued in 2005 and are barred by the statute of limitations.

**Discussion**

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney*, 817 F.2d 711, 716

n.2 (11th Cir. 1987).  Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3). Because Stephens' claims accrued more than four years before he filed his civil rights complaint, the claims are barred by the statute of limitations.

<u>Prison Litigation Reform Act Also Applicable to this Case</u>

Even if the present action was not barred by the expiration of the statute of limitations, Stephens could not proceed without paying the full filing fee.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires the consideration of prisoner cases dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Court takes judicial notice of filings previously brought by Stephens that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:  (1)  6:01-cv-1512-Orl-31KRS;  (2) 6:04-cv-695-Orl-18KRS;  (3)  6:04-cv-811-Orl-22DAB;  (4)  8:06-cv-319-T-27MAP;  (5) 6:07-cv-536-Orl-22JGG; and  (6) 8:09-cv-194-T-27TGW.

Because he has had three or more prior dismissals and Stephens has not alleged that he under imminent danger of serious physical injury, Stephens is not entitled to proceed in forma pauperis.[1] Stephens could only attempt to proceed in this **time-barred** case by filing a civil rights complaint in a new case with a new case number and paying the full $350.00 filing fee.

Accordingly, the complaint (Doc. 1) is DISMISSED . The clerk shall close this case.

ORDERED at Tampa, Florida, on December 7, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

David Terrence Stephens

---

[1] Stephens did not file a motion to proceed in forma pauperis. Because he did not pay the filing fee, the Court construes this case as filed as an in forma pauperis case.